Charles T. Major, J.
This claim for personal injuries and property damage, arising from a one-ear accident, was filed on June 2, 1959, pursuant to an enabling act, chapter 679 of the Laws of 1959.
About 7:00 a.m. on November 16, 1955, claimant, then age 26, was driving alone in his 1949, two-door Dodge car in a southerly direction on Route 298, also lmown as State Highway No. 1072, in the Town of Cicero, Onondaga County, en route to work. The road was wet. There were no other cars on the highway going in either direction. As he reached a point approximately 1.3 *526 miles south of the intersection of Routes 298 and 31, just north of a culvert, he took his foot off the accelerator to slow down and started to skid to the right. He turned his steering Avheel to the right and his car came out of the skid. He then skidded to the left, travelled several hundred feet southerly on the highway, lost control, went off the road on his left side, over the shoulder and into a ditch where the car turned over. He was thrown out of the car which was upside down when it came to a stop.
In the vicinity of the accident, Route 298 is a straight, practically level macadam highway about 20 feet Avide, with good visibility for 1,000 feet in either direction. Prior to the accident, claimant travelled over this road many times and knew it well. On previous occasions, he had no difficulty driving over this exact section under conditions similar to those at the time of the accident.
The claimant said that as he approached the culvert, the right rear wheel of his car hit a rut or heave, which caused his vehicle to skid to the right toward the abutment adjacent to the road. He testified that he observed the roll before reaching it, with which he was acquainted by reason of previous frequent use of this highway. The credible testimony and exhibits indicate that there was no serious bump, heave or other defect at the culvert and at the scene of this accident. The claimant testified that immediately prior to the accident he was driving at a speed of 35 to 40 miles per hour, but the physical facts indicate that he was traveling at a much greater speed.
There were and still are guide posts on both sides of the highway at the culvert, and on a straight level road as this, guard rails or warning signs were unnecessary.
This highway at the scene of the accident was properly maintained and was in a usable and reasonably safe condition. The State was in no way negligent, and claimant has failed in his proof to show liability on the part of the State.
It is the duty of drivers of motor vehicles to use care and caution on public highways commensurate Avith driving conditions. We find that claimant failed to use the care and caution in the operation of his automobile as is required of a prudent person under similar circumstances and conditions. He operated his car in a negligent manner which was the proximate cause of this accident and resulting injuries and damage.
The claim herein is dismissed and judgment is directed accordingly.
The foregoing constitutes the Avritten and signed decision of the court upon which judgment may be entered, pursuant to section 440 of the Civil Practice Act.